UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JIE DING,

                  Petitioner,

v.

KRISTI NOEM et al.,

                  Respondents.

_____/

Case No. 1:26-cv-780

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on March 30, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of this judgment and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

On April 6, 2026, Petitioner filed a motion to enforce the Court's March 30, 2026,[1] order (motion to enforce judgment), seeking immediate release. (ECF No. 8.) In the motion, Petitioner states that he was provided with a bond hearing on April 1, 2026, but was denied bond on the ground that that Petitioner is a "flight risk." (*See id.*; Bond Order, ECF No. 8-1, PageID.46.) Petitioner contends that his bond hearing did not "compl[y] with all regulations and requirements under due process." (ECF No. 8, PageID.41–42.)

On April 7, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.)

In Petitioner's emergency motion for immediate release, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's March 30, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's March 30, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's March 30, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's emergency motion for immediate release. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's March 30, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

---

[1] Petitioner references a February 17, 2026, order in the title of his motion; however, this appears to be a typographical error.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgment (ECF No. 8) is **DENIED**.


Dated:    April 8, 2026                            /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge